1  Scott Kalkin, State Bar No. 120791
   **ROBOOSTOFF & KALKIN**
2  A Professional Law Corporation
   369 Pine Street, Suite 610
3  San Francisco, California  94104
   (415) 732-0282
4
   Attorney for Plaintiff George Bailey
5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | George Bailey,                              )  ACTION NO.:
                                                 )
13 |                    Plaintiff,                )
                                                 )
14 | v.                                           )  **COMPLAINT**
                                                 )
15 |                                              )
   | The Permanente Medical Group, Inc.;         )
16 | The Permanente Medical Group, Inc., Group   )
   | Life Insurance Plan; The Permanente Medical )
17 | Group, Inc., Supplemental Medical Plan; The )
   | Permanente Medical Group's Group Long       )
18 | Term Care Insurance Plan; The Kaiser        )
   | Foundation Health Plan, Inc.; The Permanente)
19 | Medical Group, Inc., Health Plan; The       )
   | Permanente Medical Group, Inc., Dental Plan;)
20 | The Retirement Plan for Physicians and      )
   | Salaried Employees of The Permanente        )
21 | Medical Group, Inc.; The Supplemental       )
   | Retirement Plan for Physicians and Salaried )
22 | Employees of The Permanente Medical         )
   | Group, Inc.; The Permanente Medical         )
23 | Group, Inc. Retiree Health Benefit Plan,    )
                                                 )
24 |                    Defendants.               )
                                                 )
25

26

27

28 Complaint                                    1

## JURISDICTION

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to sections 404 and 502 of ERISA [29 U.S.C. §§ 1104 and 1132], and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e)(2) [29 U.S.C. § 1132 (e)(2)], each of the defendant ERISA plans herein are administered in this District, the wrongful conduct alleged herein took place in this District, and the plan administrator(s) of the defendant plans are located in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the claims which are the subject of this lawsuit were administered.

## PARTIES

4. Plaintiff George Bailey became an employee of The Pemanente Medical Group, Inc., (hereinafter "TPMG") on or about October 10, 1988. At all relevant times, plaintiff was, and is, a participant, as defined in ERISA § 3 (7) [29 U.S.C. § 1002 (7)], in each of the ERISA plans at issue herein.

Complaint                                                    2

5.  At all relevant times, The Permanente Medical Group, Inc., Group Life Insurance Plan; The Permanente Medical Group, Inc., Supplemental Medical Plan; The Permanente Medical Group's Group Long Term Care Insurance Plan; The Kaiser Foundation Health Plan, Inc.; The Permanente Medical Group, Inc., Health Plan; The Permanente Medical Group, Inc., Dental Plan; The Retirement Plan for Physicians and Salaried Employees of The Permanente Medical Group, Inc.; The Supplemental Retirement Plan for Physicians and Salaried Employees of The Permanente Medical Group, Inc.; The Permanente Medical Group, Inc., Retiree Health Benefit Plan, (hereinafter the "PLANS"), were employee welfare benefit and/or employee pension benefit plans within the meaning of ERISA § 3 (1) and (2) [29 U.S.C. § 1002 (1) and (2)], sponsored by TPMG and administered, at least in part, in San Francisco, California by TPMG.  At all relevant times, the PLANS offered employee welfare and/or employee pension benefits to the employees of TPMG, including plaintiff.

6.  At all relevant times, defendant TPMG was a fiduciary and/or plan administrator of each of the defendant PLANS within the meaning of ERISA § 3 (21) [29 U.S.C. § 1002 (21)] and was operating under various conflicts of interest.

## FACTS COMMON TO ALL CLAIMS

7.  At all relevant times herein, plaintiff was, and is, totally disabled and receiving disability benefits under The Permanente Medical Group, Inc., Long Term Disability Plan (herein after "Long Term Disability Plan").

8.   Each of the defendant PLANS referenced above provides for a continuation of coverage and/or other benefits and/or other coverage options during a plan participant's period(s) of disability.

9.   On and after  April 4, 2007, TPMG informed plaintiff, without explanation, that coverage under each of the defendant PLANS and the TPMG Long Term Disability Plan had been, or would shortly be, terminated.

Complaint                                         3

10. On or about March 30, 2007, and April 11, 2007, and at other times thereafter, plaintiff requested that TPMG state the basis for terminating each of plaintiff's benefits and provide an ERISA compliant explanation of the basis for such termination as required by ERISA and the applicable Department of Labor Regulations.

11. On and after April 19, 2007, TPMG refused to state the basis for terminating plaintiff's benefits and confirmed that plaintiff had exhausted his administrative remedies.

12. In and after May of 2006, plaintiff requested that TPMG produce certain plan documents to which he was entitled pursuant to ERISA and the applicable Department of Labor Regulations. TPMG refused, and continues to refuse, to do so. The documents that TPMG did produce were outdated, ambiguous, inconsistent and contradictory.

13. On or about March 30, 2007, and April 11, 2007, and at other times thereafter, plaintiff demanded that TPMG reinstate his coverage and benefits in each of the defendant PLANS; waive his premiums in each of the relevant defendant PLANS while he remained totally disabled; and refund all of the premiums he had paid to keep his coverage in place while he was, and remains, totally disabled. TPMG has refused to comply with plaintiff's demands.

14. At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to continued coverage and benefits under the terms of the defendant PLANS.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

15. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 14 of this complaint.

16. At all relevant times, plaintiff was, and is, totally disabled and receiving disability benefits under the TPMG Long Term Disability Plan.

17. ERISA § 502(a) (1) (B) [29 U.S.C. § 1132 (a) (1) (B)], permits a participant in a

Complaint                                      4

plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

18. By, *inter alia*, terminating plaintiff's coverages under each of the defendant PLANS; rendering benefit decisions without an ERISA compliant explanation; refusing to waive plaintiff's premiums under the defendant PLANS while he was/is totally disabled; refusing to refund all of the premiums plaintiff paid to keep his coverages in place while he was, and remains, totally disabled; construing provisions of the defendant PLANS in ways that clearly conflict with the language therein; making wholesale and flagrant violations of the procedural requirements of ERISA; and failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, defendants, and each of them, have violated, and continue to violate, the terms of the defendant PLANS and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against the defendants, and each of them, as is hereinafter set forth.

## SECOND CLAIM FOR RELIEF

(For Penalties Under ERISA §502(a)(1)(A) [29 U.S.C. § 1132(a)(1)(A)])

19. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 18 of this complaint.

20. ERISA section 502(c) and the related Department of Labor regulations provide, in pertinent part, that any administrator who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant within thirty (30) days of a request therefor may be liable to the participant for penalties of up to $110.00 per day from the date of such failure or refusal, as well as for such other relief as the court deems proper.

21. On and after May of 2006, plaintiff requested that TPMG and each of the

Complaint                                    5

defendant PLANS produce certain documents to which he was entitled pursuant to ERISA and the applicable Department of Labor Regulations. Defendants refused, and continues to refuse, to do so. As such, plaintiff is entitled to an award of penalties and other appropriate relief as set forth herein.

**WHEREFORE,** plaintiff prays that the Court enter judgment against the defendants, and each of them, as is hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(For Violation of ERISA §§ 102 and 104 [29 U.S.C. §§ 1021 and 1024])

22. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 21 of this complaint.

23. ERISA sections 102 and 104, *et seq.,* and the related Department of Labor regulations, require, *inter alia*, that a plan administrator maintain, and make available to plan participants, plan documents and summary plan descriptions, written in a manner calculated to be understood by the average plan participant, and which are sufficiently accurate and comprehensive to reasonably apprise plan participants of their rights and obligations under the plan. Moreover, a summary of any material modification(s) in the terms of an ERISA plan and any change(s) in the information required to be provided by law must be written in a manner calculated to be understood by the average plan participant, and must be timely provided to all plan participants.

24. At all relevant times herein, defendants, and each of them, failed to comply with the provisions of ERISA sections 102 and 104, *et seq.,* and the related Department of Labor regulations, in that they, *inter alia*, failed to maintain their plan documents such that they were: 1) written in a manner calculated to be understood by the average plan participant; and 2) sufficiently accurate and comprehensive to reasonably apprise plan participants of their rights and obligations under the plan.

25. At all relevant times herein, defendants, and each of them, failed to timely notify plaintiff and other plan participants of material modification(s) and changes allegedly made in the terms of the PLANS in a manner calculated to be understood by the average plan participant.

**WHEREFORE,** plaintiff prays that the Court enter judgment against the defendants, and each of them, as is hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

(For Equitable Relief Under ERISA §502(a) (3))

26. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 25 of this complaint.

27. ERISA § 502(a) (3) [29 U.S.C. § 1132 (a) (3)], permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan, or of ERISA.

28. By, *inter alia*, terminating plaintiff's coverages under each of the defendant PLANS; rendering benefit decisions without an ERISA compliant explanation; refusing to waive plaintiff's premiums under the defendant PLANS while he was/is totally disabled; refusing to refund all of the premiums plaintiff paid to keep his coverages in place while he was, and remains, totally disabled; construing provisions of the defendant PLANS in ways that clearly conflict with the language therein; making wholesale and flagrant violations of the procedural requirements of ERISA; failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor regulations; failing to maintain their plan documents such that they were written in a manner calculated to be understood by the average plan participant and sufficiently accurate and comprehensive to reasonably apprise plan participants of their rights and obligations under the plan; and failing to timely notify plaintiff and other plan participants of material modification(s) and changes allegedly made in the terms of the PLANS in a manner calculated to be understood by the average plan

Complaint                                                                 7

participant, defendants, and each of them have violated, and continue to violate, the terms of the defendant PLANS and plaintiff's rights thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and each of them, as follows:

A. Declare that defendants, and each of them, violated the terms of the defendant PLANS and plaintiff's rights thereunder by failing to provide plaintiff with the benefits and coverages he was due under each of the defendant Plans;

B. Order defendants to repay plaintiff all premium payments that plaintiff has made since his coverages were improperly terminated, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Order defendants to pay plaintiff all benefits due, and to provide all coverages to which he is entitled, under the terms of the PLANS for so long as he remains entitled to the same under the terms of the PLANS;

D. Declare that TPMG has breached its fiduciary duties to plaintiff and the PLANS and enjoin it from further breaches of its fiduciary duty;

E. Remove TPMG as a fiduciary of the PLANS and replace it with an independent fiduciary;

F. Award plaintiff pre-judgment interest on all monies requested herein;

G. Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) [29 U.S.C. § 1132 (g)];

H. Order defendants to pay statutory penalties of $110.00 a day for their failure and refusal to comply with requests for information;

I. Order defendants to comply with ERISA sections 102 and 104, *et seq.,* and the related Department of Labor regulations, by revising and maintaining their plan documents

such that they are written in a manner calculated to be understood by the average plan participant, and sufficiently accurate and comprehensive to reasonably apprise plan participants of their rights and obligations under the PLANS;

K. Order defendant to comply with ERISA sections 102 and 104, *et seq.,* and the related Department of Labor regulations, by timely notifying plaintiff and all other plan participants of material modification(s) and changes which have been made in the terms of the defendant PLANS, and any material modification(s) and changes made in the future, in a manner reasonably calculated to be understood by the average plan participant; and

J. Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: June 25, 2008              By: _____
                                  Scott Kalkin
                                  Attorneys for plaintiff

Complaint                         9